FILED
JUN 15 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derian Douglas Hickman,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　)　　Civil Action No. 10 1005
　　　　　　　　　　　　　　　　　　　)
U.S. Attorney General Texas Child Support )
et al.,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)

## MEMORANDUM OPINION

The plaintiff, Derian Douglas Hickman, filed a pro se complaint and application to proceed without prepayment of fees. Hickman's application to proceed without prepayment of fees will be granted, the complaint will be dismissed as frivolous, and the plaintiff will be directed to show cause in writing why he should not be prospectively barred from filing without prepayment of fees.

Hickman, known to this court from prior frivolous and otherwise defective filings, has filed the instant complaint against the United States Attorney General Texas Child Support, the Federal Election Commission, and the "Supreme Court of the United States in Washington, D.C." Compl. at 1. In its entirety, the complaint alleges as follows:

> Rquesting verification of previous elections as governor. Freedom liberty and Independence party elections. Nominations for president of the United States of America and Federal Election Commission filings involving election as D.C. councilman[,] D.C. Commissioner also. Requesting Supreme court return property, cruise ships, space shuttle, submarine, aircraft, homes, money, land, other property. And documents. All court transcript should be provided free with a fee waiver request. And also request to be at trial or hearing to establish paternity for the 2 children the default judgment was entered against me. A reduction in amount due and verification of previous child trust in excess of 1

million to 100 million. Requesting a trial by jury. Asking for amount due[,] documents.

Compl. at 1.

Such a complaint not only fails to meet the minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure, but also appears to be based on fantastic and delusional premises. Complaints describing fantastic or delusional scenarios are subject to immediate dismissal as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Accordingly, this complaint will be dismissed with prejudice.

Including this one, the plaintiff has filed 17 complaints since February of 2009, each of which warranted immediate dismissal, either because it did not meet the minimum requirements of Rule 8 or because it was frivolous. This pattern of filing results in an unwarranted consumption of judicial resources. The plaintiff was warned previously that if he persisted in filing frivolous or otherwise defective complaints, the Court could limit or deny his ability to proceed without prepayment of fees. *See* Slip. op., *Derian Douglas Hickman v. Derian Douglas Hicman Archives et al.,* Civil Action No. 10-12, at 2 (D.D.C. Jan. 6, 2010). Accordingly, the plaintiff will be required to show cause in writing why he should not be barred prospectively from filing without prepayment of the filing fee.

A separate, related order accompanies this memorandum opinion.

Date: January 4, 2010

United States District Judge